J. Irwin Shapiro, J.
The defendant, charged with violation of subdivision 2 of section 1751 of the Penal Law, moved to suppress certain evidence; namely, two ounces of marijuana, on the ground that said evidence was obtained by an illegal search and seizure in violation of his constitutional rights.
I granted defendant’s motion to the extent of ordering a hearing.
At the hearing the defendant testified in substance that on February 5, 1964, after being asked whether he had anything to declare and answering in the negative, he was cleared through customs at the John F. Kennedy International Airport and had passed through the barrier into the airport area which exits onto the street when he was stopped by two men in plain clothes who held badges before his face and then took him to a small room at the airport. There he was searched and on his person there was found the two ounces of marijuana which is the evidence sought here to be suppressed.
Customs Agent Gaetano Volpicelli, testifying as a witness on behalf of the People, stated that the defendant after stating that he had nothing to declare and after being ostensibly cleared by customs, was stopped and questioned, in the normal course of the procedure of customs agents, while said defendant was still within the area under the jurisdiction and control of the *580 United States Customs Bureau not yet having passed through the customs barrier.
I find as a fact that at the time the defendant was taken into custody by the United States Customs Agents he had not yet passed through the barrier into that portion of the airport open to the public generally, and that he was still within the confined area which was under the jurisdiction and control of the United States Customs Bureau.
Under the circumstances this was a “border” search and not a search after a completed entry. In the case of a “ border ” search it is clear that the right to search ‘1 can lawfully be based on mere suspicion ” (Plazola v. United States, 291 F. 2d 56, 61).
There is no requirement, as there is in the ordinary search and seizure case,, that the searching officers have ‘ ‘ probable cause ” for making the search, as that term is used in the Fourth Amendment (Draper v. United States, 358 U. S. 307, 310) nor is it a prerequisite that they have such “ reasonably trustworthy information as would warrant a man of reasonable caution to believe that the defendants were guilty of the commission of crime ” (People v. Lombardi, 18 A D 2d 177, 180, affd. 13 N Y 2d 1014) for in border cases, “ The search which customs agents are authorized to conduct upon entry is. of the broadest possible character ” (Landau v. United States Attorney, 82 F. 2d 285, 286).
Section 1582 of title 19 of the United States Code provides among other things, that “ all persons coming into the United States " * * shall be liable to detention and search by authorized officers or agents of the Government under such regulations the regulations referred to being those prescribed by the Secretary of the Treasury “for the search of persons and baggage
The defendant contends that section 1582 above set forth in part ‘ ‘ does not help the People, since it deals with those entering the country who have not completed their entry and relates to those who are searched with their baggage at the barrier ” and that 1 ‘ here, the defendant testified without contradiction that the uniformed officer at Customs had inspected his baggage and had then told him to enter the United States ”.
The defendant’s factual statement of what transpired at the time his baggage was inspected is correct, but his conclusion that the mere fact that his baggage had been inspected and that, lie liad been ostensibly cleared by that particular Customs Inspector makes inapplicable the provisions of section 1582, is not correct, for it appears from the record that it is the *581 customary practice to have the entrant into the country make his declaration before the customs officer and to ostensibly have it acted upon in order to lay a foundation for subsequent proceedings by the Government.
Section 482 of title 19 of the United States Code specifically provides for the search of a person “ on which or whom he or they shall suspect there is merchandise which is subject to duty, or shall have been introduced into the United States in any manner contrary to law ” in any case in which such authorized officers “ may have a reasonable cause to suspect there is merchandise which was imported contrary to law ”. (Emphasis supplied.)
In this case the defendant’s “bulky” look was sufficient to supply the “mere suspicion” necessary in a “border search ” (Plazola v. United States, 291 F. 2d 56, supra; Carroll v. United States, 267 U. S. 132, 153, 162; Cervantes v. United States, 263 F. 2d 800; Witt v. United States, 287 F. 2d 389; Murgia v. United States, 285 F. 2d 14). The motion to suppress is therefore in all respects denied.