Hyman Barshay, J.
This is a motion by the defendant to suppress evidence seized aboard a ship at Pier 3 in Brooklyn, from his person and his compartment, without a search warrant.
The application is made upon the ground that the search was unreasonable in that there was no probable cause for believing that defendant had committed a crime nor was the search incidental to a lawful arrest. The defendant was granted a hearing at which the following evidence was adduced:
Thomas Gibbons testified that he is a Customs Port Investigator, a ship searcher, employed by the United States Treasury, Bureau of Customs; on February 28, 1966 in connection with his official duties, he boarded the vessel Rio Magdalina moored at Pier 3, Brooklyn, New York, as part of an eight-man searching party under the supervision of Sergeant Pazzola; as he, Gibbons, passed the gyro room, he observed the defendant therein, dressed in civilian street attire; as the defendant walked out of the gyro room he stopped him and told him in English that he wished to search him; the defendant, who does not speak English, remained mute; at this point Gibbons was joined by Customs Port Investí *915 gator Kelly, who was a member of the search party; a search of the defendant’s person revealed two packages affixed to the defendant’s longjohns under each buttock behind the thigh; subsequent analysis by the United States Customs laboratory disclosed that each package contained marijuana; he then indicated to the defendant by sign language that he wished to search his quarters; he, the defendant and Kelly proceeded to the defendant’s room where they were immediately joined by the ship’s second mate, who pointed out the defendant’s locker; a search disclosed a package, similar to the ones found on his person, which was removed from the space between the defendant’s locker and the bulkhead (wall); this package was found, on laboratory analysis, to contain marijuana; Officer Kelly removed a box from this same location which was found to contain a .38 caliber snub-nosed revolver and 11,000 rounds of ammunition; he, Gibbons, then called the Federal Customs agents and Leonard McNeil responded. Agent McNeil notified the New York City Police.
Detective Labriola, assigned to the Narcotics Bureau of the New York City Police Department, testified that at 3:30 p.m. on February 28, 1966, on Pier 3, in Brooklyn, he placed the defendant under arrest.
Subdivision (a) of section 1581 of title 19 of the United States Code, which authorizes a Customs Officer to board and search vessels and any person on board, provides as follows: “Any officer of the customs may at any time go on board of any vessel * * at any place in the United States * * * as he may be authorized " * * and examine, inspect and search the vessel * * * and every part thereof and any person, trunk, package, or cargo on board.”
It has been held that searches authorized by this statute do not rely upon “ probable cause ” for their validity and are distinct from the conventional type of search made inside the borders of the United States. A customs officer in the performance of his official capacity may act upon suspicion alone and without the necessity of obtaining a search warrant or the consent of the person searched (Murgia v. United States, 285 F. 2d 14, cert. den. 366 U. S. 977; Carroll v. United States, 267 U. S. 132; United States v. Yee Ngee How, 105 F. Supp. 517; People v. Furey, 42 Misc 2d 579). The search which customs officers are authorized to make are of the broadest possible character and any evidence seized as a result thereof may be used (United States v. Massiah, 307 F. 2d 62, revd. on other grounds 377 U. S. 201; Landau v. United States Attorney, 82 F. 2d 285, cert. den. 298 U. S. 665). “In conferring upon Customs officers such *916 broad authority, circumscribed only by Constitutional limitations of the Fourth Amendment, the Congress has in effect declared that a search which would be unreasonable ’ within the meaning of the Fourth Amendment, if conducted by police officers in the ordinary case, would be a reasonable search if conducted by Customs officials in lawful pursuit of unlawful imports. Judicial recognition of this distinction has given rise to the term ‘ border search ’, in order to distinguish official searches which are reasonable because made solely in the enforcement of Customs laws from other official searches made in connection with general law enforcement.” (Alexander v. United States, 362 F. 2d 379, 381-382.)
The arrest of the defendant without an arrest warrant was incidental to a prior lawful search and seizure by a customs officer in the performance of his official duties. The motion is therefore denied.